IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-32418-H5-13 |
| | § | |
| DANIEL DREIC OLIVARES, | § | |
| | § | |
| | § | |
| DEBTOR | § | CHAPTER 13 |

## Trustee's Objection to Notice of Post-Petition Mortgage Fees, Expenses, and Charges Filed by U.S. Bank Trust, N.A.
(Docket #41)

THIS IS AN OBJECTION TO YOUR CLAIM.  THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.  YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.  IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU.   YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID.  IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.

THERE WILL BE A HEARING ON THIS MOTION ON **MAY 29, 2019 AT 1:30 P.M.**  IN COURTROOM 403, 515 RUSK, HOUSTON, TEXAS 77002.

William E. Heitkamp, Chapter 13 Trustee, objects to the Notice of Postpetition Mortgage Fees, Expenses, and Charges filed by U.S. Bank Trust, N.A. (Docket #41) in the above captioned case, and would show the Court as follows:

1. The notice filed on November 17, 2016, appears to state a claim for postpetition charges, claimed to be secured by a lien on the debtor's principal residence in the amount of $1,821.55 for Tax Advances (non-escrow) on 6/10/2016 and 6/29/2016.

2. The notice appears to be filed pursuant to Rule 3002.1 of the Federal Rules of Bankruptcy Procedure as a supplement to proof of claim #3 filed September 9, 2015. Trustee asserts that the charges itemized on the "notice" are not proper pursuant to Bankruptcy Rule 3002.1, because Rule 3002.1(a) states it applies to claims for which the plan provides that either the trustee or the debtor will make contractual payments. The Court previously ruled in *In re*

*Jimenez*[1] that a Rule 3002.1 "notice" of post-petition mortgage fees, expenses and charges is not allowed if the debtor's plan does not provide for contractual installment payments.

   3. The only secured claim of U.S. Bank Trust, N.A. is treated under the plan under Section 1325(a)(5) as a total debt claim for which Trustee is not making contractual installment payments.

   Therefore Trustee prays that the claim be disallowed as a claim for purposes of receiving disbursements from the trustee under the existing confirmed chapter 13 plan.

Dated: April 16, 2019

                 RESPECTFULLY SUBMITTED,

                 /s/William E. Heitkamp
                 William E. Heitkamp, Trustee
                 Admissions Id. No. 3857
                 Kenneth P. Thomas, Staff Attorney
                 Admissions Id. No. 1347
                 Tiffany D. Castro, Staff Attorney
                 Admission Id. No. 1419995
                 Yvonne V. Valdez, Staff Attorney
                 Admissions Id. No. 1129795
                 9821 Katy Freeway, Suite 590
                 Houston, Texas 77024
                 (713) 722-1200 Telephone
                 (713) 722-1211 Facsimile

---

[1] *In re Jimenez* (Case No. 18-30884, ECF No. 77).

## Certificate of Service

      A copy of this objection has been served on the parties shown below via electronic means as listed on the Court's ECF Noticing System on April 17, 2019 or will be sent by prepaid first class U.S. Mail at the addresses reflected below, on April 18, 2019.

Dated: 4/17/2019

U.S. Bank Trust N.A., as Trustee of
the Igloo Series II Trust
C/O SN Servicing Corp.
323 5th Street
Eureka, CA 95501

Daniel Dreic Olivares
11714 Corona
Houston, TX 77072

J. Thomas Black
Attorney At Law
2600 S. Gessner #110
Houston, TX 77063

                                        /s/ William E. Heitkamp
                                        William E. Heitkamp, Trustee