IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § § § § | CASE NO.: 15-32418-H5-13 |
| DANIEL DREIC OLIVARES, | | |
| DEBTOR | | CHAPTER 13 |

RESPONSE TO TRUSTEE'S OBJECTION TO NOTICE OF POSTPETITION
MORTGAGE FEES, EXPENSES, AND CHARGES
FILED BY U.S. BANK TRUST, N.A
(Related to Docket #48)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:**

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES II TRUST ("Creditor"), files this Response to the Chapter 13 Trustee's ('Trustee") Objection to Notice of Post-Petition Mortgage Fees, Expenses, and Charges Filed by Creditor ("Trustee's Objection") and respectfully shows:

1.   The allegations in Paragraph One of the Trustee's Objection refer to Creditor's Notice of Postpetition Mortgage Fees, Expenses and Charges filed in this case on November 17, 2016, which document speaks for itself. No further response is required.

2.   The allegations in Paragraph Two (2) of the Trustee's Objection are argument. Admission or denial of such statements is not required.

3.   The allegations in Paragraph Three (3) of the Trustee's Objection are argument. Admission or denial of such statements is not required.

4.   With regard to the arguments asserted within the Trustee's Objection, Creditor states as follows.

5. Initially, the Trustee's Objection is untimely and well beyond the one-year time limitation provide for under FRBP 3002.1(e). Here, the Notice of Post-Petition Mortgage Fees, Expenses, and Charges was filed on November 17, 2016, but the instant objection was not filed until April 17, 2019, over two years later. Consequently, the Trustee's Objection should be overruled as untimely.

6. In *In re Jiminez*, the post-petition fees at issue were attorneys fees. However, here, the post-petition fees at issue are for real property tax advances made by Creditor for the benefit of the Debtor and the estate, payment of which is provided for under the terms of the loan documents.

7. Furthermore, since the filing of the Notice of Post-Petition Mortgage Fees, Expenses, and Charges and the Trustee's Objection, the Debtor has filed a proposed modification to the confirmed plan providing for a cure of the post-petition advances. Thus, there is no dispute that the debt at issue arose post-petition and directly and substantially benefitted the estate, and the currently proposed plan now provides for a cure.

9. The Debtor seeks to reimburse Creditor for the advances, but the issue is in regards to the appropriate mechanism to effectuate such reimbursement. So long as the Creditor is repaid for the advances, Creditor is willing to resolve the Trustee's Objection through a reasonable and appropriate alternative mechanism. Unfortunately, attempts to reach the Trustee to discuss the matter have not been successful.

WHEREFORE, PREMISES CONSIDERED, Creditor prays that (1) the Trustee's Objection be overruled; or (2) the hearing on the Trustee's Objection be continued to allow the parties additional time to meet and confer to resolve the dispute; and for such other relief the court deems just and appropriate.

///
///
///
///

In the alternative, should the court sustain the Trustee's Objection, Creditor requests that the order be without prejudice to the Creditor seeking reimbursement of the advances through other provisions in the Bankruptcy Code, whether that be through an amended proof of claim, motion for administrative expense or other appropriate provision.

Respectfully submitted,

<u>/s/ Kristin A. Zilberstein</u>
Kristin A. Zilberstein, Esq. (SBN 24104960)
Jennifer R. Bergh, Esq. (SBN 24103791)
GHIDOTTI BERGER, LLP
600 E. John Carpenter Fwy., Ste. 200
Irving, TX 75062
Ph:  (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottiberger.com
**Attorney for Creditor**

Kristin A. Zilberstein, Esq. (SBN 24104960)
Jennifer R. Bergh, Esq. (SBN 24103791)
GHIDOTTI | BERGER LLP
600 E. John Carpenter Fwy., Ste. 200
Irving, TX 75062
Ph:  (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottiberger.com

Attorney for Creditor
U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES II TRUST

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE - MEMPHIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO.:  15-32418 |
| | ) | |
| Daniel Dreic Olivares, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On May 16, 2019 I served the following documents described as:

1
CERTIFICATE OF SERVICE

- **RESPONSE TO TRUSTEE'S OBJECTION TO NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES FILED BY U.S. BANK TRUST, N.A. (Related to Docket #48)**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Daniel Dreic Olivares<br>11714 Corona<br>Houston, TX 77072<br><br>**Debtor's Counsel**<br>J Thomas Black<br>Attorney at Law<br>2600 S. Gessner Rd.<br>Ste 110<br>Houston, TX 77063 | **Trustee**<br>William E. Heitkamp<br>Office of Chapter 13 Trustee<br>9821 Katy Freeway<br>Ste 590<br>Houston, TX 77024<br><br>**U.S. Trustee**<br>US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002 |

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 16, 2019 at Santa Ana, California

/*s / Enrique Alarcon*/
Enrique Alarcon